UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-120 (DSD/FLN)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TAMI MAE MAY,

        Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Kimberly A. Svendsen, Assistant United States Attorney, submits this memorandum in connection with the sentencing of defendant Tami Mae May.

On June 9, 2014, May pled guilty to obstructing and impeding the Internal Revenue laws by filing a host of false and frivolous documents with the IRS over the course of 8 years, in an effort to avoid paying the taxes that she and her business owed. These included false Forms 1099-OID and documents falsely claiming that May and her husband were nonresident aliens and permanent residents of the Kingdom of Heaven. As a result of May's conduct, she and her husband have successfully avoided for over a decade paying nearly $200,000 in taxes that they owe. The government seeks a sentence within the applicable Guidelines range.

### A.     The Presentence Investigation Report

Both parties agree with the facts and the Guideline calculations contained in the PSR. (PSR at A.1-2.)[1] The PSR correctly calculated May's total offense level as 17 and her criminal history category as I. May's offense level includes a base offense level of 20 because the agreed-upon tax loss in this case was $532,468. (*Id.* ¶ 16.) As a result of May's offense level of 17 and criminal history category of I, the undisputed advisory Guidelines range is 24 to 30 months' imprisonment. (*Id.* ¶ 50.)

### B.     May's Criminal Conduct

From 1998 through 2004, May and her husband failed to file any income tax returns for their excavating business despite the fact that the business had substantial income. (PSR ¶ 7.) In April 2005, the IRS notified May's husband that the business owed a tax debt, along with penalties and interest, for tax year 2003. (*Id.*)

May responded by filing a host of fake documents with the IRS in an effort to obstruct and impede the IRS from collecting the taxes that May and her husband owed, including a "zero income" tax return, Forms 1099-OID falsely claiming that her husband

---

[1] In the plea agreement, the parties specifically agreed that May would not be entitled to a reduction for acceptance of responsibility unless she provided "sworn information concerning her finances and assets to the Probation Office in the pre-sentence investigation" and made a "good-faith effort to pay taxes, penalties, and interest owed to the IRS prior to sentencing." (Pl. Agr. ¶ 6(e).) Nevertheless, May has not submitted her financial disclosure form to Probation, and she has not made any payments to the IRS on her tax obligation. (*See* PSR ¶¶ 10, 46.) If May fails to comply with the requirements set forth in the plea agreement prior to sentencing, the government will request that the Court not apply the three-level reduction for acceptance of responsibility and find an applicable advisory Guidelines range of 33 to 41 months.

had made payments to various IRS Revenue Officers, Forms 1099-OID falsely claiming that that the Mays or their business had received "original issue discounts" and had "federal tax withheld" by various banks and credit card companies, forms claiming that the Mays were not United States Citizens, but instead were permanent residents of the Kingdom of Heaven, and false Forms 1040 and 1040X. (*Id.* ¶ 8.) The parties agreed that the tax loss for tax years 2003 through 2007 that resulted from May's conduct was $532,468. (Pl. Agr. ¶ 2(c).)

### C. The Appropriate Sentence

May's conduct in this case was not a one-time mistake, but was the result of eight years of ongoing efforts to impede and obstruct the IRS from collecting the taxes that the Mays and their business owed. During this time, the Mays were able to buy a house in Anoka, Minnesota, and to have unfettered use of the money that they were required to pay over in taxes, unlike all other law-abiding citizens who abide by the tax laws as required. Although May now claims that she was "brainwashed" for eight years by a video seminar, the utter baselessness of the documents she filed belies this claim.

Taking into consideration the Sentencing Guidelines, as well as all of the factors required to be considered under Section 3553(a), the United States respectfully suggests that a sentence within the applicable advisory Guidelines range appropriately reflects the seriousness of May's crimes, promotes respect for the law, provides just punishment, and creates adequate deterrence not only to May, but to other potential tax defiers who may

3

be inclined to steal money from law-abiding taxpayers while avoiding responsibility by falsely claiming to have honestly believed their own frivolous claims.

                                                  Respectfully submitted,

Dated:  July 9, 2015                        ANDREW M. LUGER
                                                  UNITED STATES ATTORNEY

                                              *s/ Kimberly A. Svendsen*

                                              BY:  KIMBERLY A. SVENDSEN
                                              Assistant U.S. Attorney